IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Manuel Hernandez-Reyes,

Plaintiff,

vs.

Joseph Arpaio,

Defendant.

No. CV 05-3261-PHX-FJM (HCE)

**REPORT AND RECOMMENDATION**

On October 17, 2005, Plaintiff, who was at that time incarcerated at the Tent City Jail in Maricopa County, filed the instant *pro se* action pursuant to 42 U.S.C. § 1983.

A. RETURNED MAIL

On December 2, 2005, the Court entered an order directing, *inter alia*, the Clerk of Court to mail a service packet to Plaintiff and directing Plaintiff to return the completed service packet to the Court. On March 1, 2006, Plaintiff returned the service packet to the Court. On March 2, 2006, the Clerk of Court returned the service packet to Plaintiff because it was incomplete. The docket reflects that the Clerk of Court sent the service packet "to address on envelope,"[1] (hereinafter "the Montezuma Street address") which was a different

[1]The Clerk of Court mailed the service packet to Plaintiff at 822 S. Montezuma Street #4, Phoenix, AZ 85003.

address from that of the jail listed on Plaintiff's Complaint. On March 20, 2006, Plaintiff returned the service packet but it was still incomplete. On March 22, 2006 the Clerk of Court once again mailed the service packet with instructions for completion to Plaintiff at the Montezuma Street address. On March 29, 2006, that envelope and its contents were returned to the Clerk of Court with the following notation: "ATTEMPTED, NOT KNOWN." (Doc. No. 6) (emphasis in original) The docket reflects that "Service packet returned to plaintiff for completion. Reason for return: Attempted, Not Known. Research conducted, no other address found." (Id.)

Plaintiff has not filed a Notice of Change of Address nor has Plaintiff filed any other document notifying the Court of his whereabouts and/or that he intends to prosecute this action.

Local Rule Civil 3.4(a), Rules of Practice of the U.S. District Court for the District of Arizona, requires that an incarcerated litigant comply with the instructions attached to the Court-approved Complaint form. Those instructions state: "You must immediately notify the clerk . . . in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in the dismissal of your case." (Information and Instructions for a Prisoner Filing Civil Rights Complaint at 2).

In the Notice of Assignment, sent to Plaintiff on October 17, 2005, the Court warned Plaintiff that "[f]ailure to comply with the following rules will result in your document being STRUCK and/or your case being DISMISSED." (Notice at 1). One of the rules listed was that "[y]ou must file a Notice of Change of Address if your address changes." (Id.).

Additionally, the Court's December 2, 2005 Order advised Plaintiff that: "at all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date...Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute

pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." (December 2, 2005 Order, p.6)

B. FAILURE TO PROSECUTE

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." The U.S. Supreme Court has recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962). Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id*. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of his case, the Court must weigh the following five factors: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer*

*v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. The return address on the envelope Plaintiff used to send the service packet to the Court was different from the address listed on Plaintiff's Complaint and the record reflects that Plaintiff has never filed a formal Notice of Change of Address. Nonetheless, the Clerk of Court revised the docket to reflect the Montezuma Street address as Plaintiff's current mailing address and Plaintiff was later successfully contacted at that address. Now, Plaintiff cannot be contacted at the Montezuma Street address. Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. In the instant case, as in *Carey*, "[a]n order to show cause why dismissal... [is] not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

Only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, a dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

C. RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court dismiss this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within 10 days after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: **CV 05-3261-PHX- FJM.**

If objections are not timely filed, then the parties' right to *de novo* review by the

District Court may be deemed waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied*, 540 U.S. 900 (2003).

The Clerk of Court is DIRECTED to mail this Report and Recommendation to Plaintiff at: (1) his address of record, i.e. the Montezuma Street address; and (2) Tent City Jail 2939 W. Durango, Phoenix, AZ 85009, which is the address listed on his Complaint.

DATED this 31st day of May, 2006.

Héctor C. Estrada
United States Magistrate Judge